# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY MALLORY,  ) | 1:08-CV-01755 GSA HC |
| ) | |
| Petitioner, ) | ORDER GRANTING RESPONDENT'S |
| ) | MOTION TO DISMISS |
| ) | [Doc. #11] |
| v. ) | |
| ) | ORDER DISMISSING PETITION WITH |
| ) | PREJUDICE AND DIRECTING CLERK OF |
| KEN CLARK, et al., ) | COURT TO ENTER JUDGMENT |
| ) | |
| Respondents. ) | ORDER DECLINING ISSUANCE OF |
| ) | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kern, following his conviction by jury trial on October 29, 2003, of transporting methamphetamine, possession of methamphetamine for sale, resisting arrest, and driving without a valid driver's license. (LD 1.[1]) On December 19, 2003, he was sentenced to serve a total determinate term of 10 years in state prison. (LD 1.)

Petitioner appealed the judgment to the California Court of Appeals, Fifth Appellate District.

---

[1] "LD" refers to the documents lodged by Respondent with his motion to dismiss.

1  On June 30, 2005, the appellate court affirmed the judgment. (LD 2.) On August 8, 2005, Petitioner
2  filed a petition for review in the California Supreme Court. (LD 3.) The California Supreme Court
3  denied the petition on September 21, 2005. (LD 4.)
4        Petitioner filed four post-conviction collateral challenges with respect to the judgment in the
5  state courts, all petitions for writ of habeas corpus, as follows:

6      1.    <u>Kern County Superior Court</u>
         Filed: July 11, 2006[2];
7           Denied: September 15, 2006;

8      2.    <u>Kern County Superior Court</u>
         Filed: April 11, 2007[3];
9           Denied: May 31, 2007;

10     3.    <u>California Court of Appeals, Fifth Appellate District</u>
         Filed: August 9, 2007;
11          Denied: February 14, 2008;

12     4.    <u>California Supreme Court</u>
         Filed: March 6, 2008;
13          Denied: September 10, 2008.

14 (LD 5-12.)
15       On November 17, 2008, Petitioner filed the instant federal petition for writ of habeas corpus
16 in this Court. On March 25, 2009, Respondent filed a motion to dismiss the petition as being filed
17 outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed his
18 opposition to Respondent's motion to dismiss on May 21, 2009, and Respondent filed his reply to
19 Petitioner's opposition on June 4, 2009.
20                                    **DISCUSSION**
21 <u>A.  Procedural Grounds for Motion to Dismiss</u>
22       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
23 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

---

[2] Pursuant to the mailbox rule set forth in <u>Houston v. Lack</u>, the Court deems the several habeas petitions filed on the date Petitioner signed them and presumably handed them to prison authorities for mailing, as opposed to the date of their receipt by the court clerk. <u>Huizar v. Carey</u>, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* <u>Houston v. Lack</u>, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).

[3] Although the petition bears a signature date of July 11, 2006, the same as the first habeas petition, it is apparent from comparing the two petitions that the second is merely a photocopy of the first that was resubmitted by Petitioner for filing on April 11, 2007. Accordingly, the mailbox rule cannot be applied.

entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on November 17, 2008, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the petition for review was denied by the California Supreme Court on September 21, 2005. Thus, direct review concluded on December 20, 2005, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner had one year until December 20, 2006, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed filing the instant petition until November 17, 2008, nearly two years beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction

1  petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544
2  U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by
3  the federal courts to have been untimely in state court will not satisfy the requirements for statutory
4  tolling. Id.

5        As stated above, the statute of limitations began to run on December 21, 2005. Petitioner
6  filed his first state habeas petition on July 11, 2006, in the Kern County Superior Court. At that
7  point, 202 days of the limitations period had elapsed. Because the petition was properly filed, the
8  statute of limitations is tolled for the time this petition was pending. The petition was denied on
9  September 15, 2006. Petitioner next filed the identical state habeas petition, again in the Kern
10 County Superior Court, on April 11, 2007.  The interval between these two petitions cannot be
11 tolled. First, Petitioner was not progressing to the next state appellate level. As stated above, the
12 Supreme Court has stated that the period is tolled during the intervals between one state court's
13 disposition of a habeas petition and the filing of a habeas petition *at the next level of the state court*
14 *system*. Carey, 536 U.S. at 215; see also Delhomme v. Ramirez, 340 F.3d 817, 819-820 (9th
15 Cir.2003). Second, the delay in filing the second petition was clearly untimely. Since Petitioner was
16 not proceeding in an orderly progression to the next appellate level and the interval was clearly
17 untimely, he is not entitled to tolling for this interval. Therefore, the statute of limitations resumed on
18 September 16, 2006, with 163 days remaining in the limitations period (365 - 202 = 163).
19 Accordingly, the limitations period ended on February 25, 2007. The remaining state habeas
20 petitions were filed well after the limitations period expired and therefore had no tolling
21 consequences.  Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to
22 tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256
23 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002). Accordingly, the instant
24 petition remains untimely.
25 D.  Equitable Tolling
26       The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that
27 he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his
28 way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran

1  Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998),
2  *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S.
3  814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544
4  U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395
5  (9th Cir.1993).

6       Petitioner argues he should be granted equitable tolling because he suffered from medical
7  problems and was transferred between prisons and hospitals for treatment. As correctly argued by
8  Respondent, however, Petitioner's arguments do not meet the standard for equitable tolling. First,
9  Petitioner's allegations are completely conclusory. He provides no specifics on how his medical
10 condition and prison transfers affected his ability to meet time deadlines. He also fails to indicate
11 when his legal documents were taken, how long he was without them, and how this prevented him
12 from filing a federal petition. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.2003), *as amended*,
13 (Nov. 3, 2003) (Petitioner must show that the extraordinary circumstances were the *cause* of his
14 untimeliness). Second, he alleges these impediments took place commencing on February 27, 2007,
15 which Petitioner acknowledges was "two days after your February 25, 2007, date of 'Limitations
16 Period.'" See Petitioner's Opposition to Motion at 1. Given that the limitations period had already
17 expired, the problems suffered by Petitioner could have no effect on his ability to meet the deadline.
18 Third, despite the circumstances alleged by Petitioner, he still managed to file three habeas petitions
19 in the state courts after the problems surfaced which he claims prevented him from filing his federal
20 petition. He fails to resolve how he was able to file multiple state habeas petitions but not a federal
21 habeas petition. For these reasons, the Court finds no reason to equitably toll the limitations period.

22 E.  Certificate of Appealability

23      A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
24 district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-
25 El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue
26 a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

27     (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
   district judge, the final order shall be subject to review, on appeal, by the court
28     of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss is GRANTED;

2) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period;

1  3) The Clerk of Court is DIRECTED to enter judgment; and

2  4) The Court DECLINES to issue a certificate of appealability.

5  IT IS SO ORDERED.

6  Dated:   **June 9, 2009**              /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE